

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

May 15, 1990

Mr. Ron Lindsey
Commissioner
Texas Department of Human
  Services
P. O. Box 149030
Austin, Texas   78714-9030

Opinion No.   JM-1174

Re:     Authority of the Texas
Department of Human   Services
to extend   medicaid   coverage
to   children   under   age   six
meeting certain   income   cri-
teria   (RQ-1989)

Dear Mr. Lindsey:

You advise   that   the   U.S. Congress   in   1989   adopted
amendments to the provisions of section 1396a of title 42 of
the   United   States   Code   mandating   coverage   under   state
medicaid   programs   receiving   federal   matching   funds     of
children under   age   six meeting   certain   income   criteria.
Omnibus Budget   Reconciliation   Act   of 1989,   Pub.   L.   No.
101-239, § 6401, 1989   U.S. Code   Cong. &   Admin. News  (103
Stat.) 2106,   2258.     Prior thereto,   federal   law   required
coverage of children under   age one.   42 U.S.C.   § 1396a(l),
amended by   Pub.   L.   No. 101-239,   § 6401(a) (approved   Dec.
19,   1989).    Section   1396a   provides   *inter   alia*   minimum
coverage requirements   that the   "state plans"   of   partici-
pating states must comply with   in order for such states   to
receive federal medicaid matching funds.   See also 42 U.S.C.
§§ 1396, 1396b(a) (authorizing the U.S. Secretary of   Health
and Human   Services to   provide   federal matching   funds   to
states having submitted approved state medicaid plans).

Subsection (c) of   section 6401 of   Public Law   101-239
provides that   the   amendments   made in   section   6401   with
regard to required medicaid coverage shall apply to payments
made by the Secretary of Health and Human Services under the
medicaid program on or after April 1, 1990.

You point out that the Texas Legislature in 1989, prior
to the   adoption   of   Public Law   101-239,   amended   section
32.024 of the   Human Resources Code   by adding a   subsection

(g)[1] directing the Texas Department of Human Services, the state agency designated to administer the state medicaid program, to

> set the income eligibility cap for medical assistance for children up to age four at not less than 100 percent of the federal poverty guidelines for state fiscal year 1990 and for children up to age six for state fiscal year 1991.[2]

Acts 1989, 71st Leg., ch. 1219, § 1, at 4939; see generally Hum. Res. Code §§ 11.001 (defining "department" as used in the code to mean the Department of Human Services), 32.021 (naming the department as the state agency designated to administer the medicaid program under chapter 32).

The focus of your concern is the discrepancy between the provisions of section 6401 of Public Law 101-239 and the new subsection (g) of section 32.024 of the Human Resources Code. The federal provision requires in effect that children under age six meeting certain income criteria be covered by a state medicaid plan as of April 1, 1990. The state provision directs the Department of Human Services to extend coverage to children up to age six beginning in fiscal year 1991. You ask whether additional state legislation is necessary in order for the department now to extend coverage under the state plan to children under age six. It is our opinion that no further state legislative action is required in order for the department to thus extend coverage under the state medicaid plan to comport with the new federal requirement.

---

1. The 71st Legislature also added in 1989 two other provisions denominated as subsections (g) of Human Resources Code section 32.024. Acts 1989, 71st Leg., ch. 1085, § 3, at 4439; id. ch. 1107, § 1, at 4595.

2. The amendments made by section 6401 require that the income eligibility cap be set at not less than 133 percent of the income amounts set under federal poverty guidelines. The 100 percent figure provided for in the new subsection (g) of section 32.024 is a limitation on the minimum rather than the maximum amount and does not, we think, restrict the department from increasing that amount to 133 percent in order to comport with the federal requirement.

When subsection (g) was added to section 32.024, directing the department to cover under the medicaid program children up to four years of age in fiscal year 1990 and up to six years of age in 1991, federal law did not yet require such coverage. See 42 U.S.C. § 1396a(a)(10), (1) (as amended in 1988) (Supp. 1989 at 525, 541, 547, 552). We think that the purpose of the addition of subsection (g) was to require the department to extend coverage beyond that required by federal law but not to limit the department's authority to later increase such coverage as necessary to comport with subsequently added federal requirements.

The stated purpose of chapter 32 of the code, which provides for the department's administration of the state's medicaid program, is "to provide medical assistance on behalf of needy individuals and to enable the state to obtain all benefits for those persons" authorized under federal law. Hum. Res. Code § 32.001. Significantly, section 32.002(a) provides:

> This chapter shall be liberally construed and applied in relation to applicable federal laws and regulations so that adequate and high quality health care may be made available to all children and adults who need the care and are not financially able to pay for it. (Emphasis added.)

Subsections (a), (b), and (c), of section 32.024, give the Department of Human Services broad authority: (1) to provide medical assistance to persons if the provision of such services is required by federal law as a condition of the state's receiving federal matching funds or if the persons are unable to meet the cost of the services and federal matching funds are available for such purpose, and (2) to establish standards (not lower than the minimum standards required by federal law) governing the scope of coverage under the medicaid program.

It is our opinion that no additional state legislation is needed in order for the department to now extend coverage under the state medicaid plan to children under six years of age so as to comport with federal requirements.[3]

---

3. Your question concerning the need for additional state legislation may relate to a provision of subsection (c)(2) of section 6401 of Public Law 101-239. Subsection
(Footnote Continued)

## S U M M A R Y

Additional state  legislation is  not  re-quired in order for  the Department of  Human Services to extend  coverage under the  state medicaid plan to children  under age six  who meet certain income criteria.

Very truly yours,

*Jim Mattox*

J I M  M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney. General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General

---

(Footnote Continued)
(c) providing in subpart (1) that the section's requirements apply on and after  April 1, 1990,  provides in subpart  (2) that if  the U.S.  Secretary of  Health and  Human  Services determines legislation, other than that appropriating funds, is necessary to  enable the  state plan to  be brought  into conformity with the  section's new  requirements, the  state has until after  the next legislative  session to bring  its plan into conformity.  We do not  think that the  extension provision in subpart  (2) will be  triggered in the  instant situation because we  do not  think additional  state legislation is required in order to permit the Department of Human Services to bring the state plan into conformity  with the new federal requirement.